## James Pease, Sheriff, v. F. S. Waters & Co., et al.
## Morris Cohn v. Same.

1. Parties—*Who may Control the Process.*—Where the plaintiff has no interest in the subject-matter except as sheriff, under a levy made by him, of an attachment upon the property in dispute, if the plaintiff in the attachment suit consents to an order of the court appointing a receiver the sheriff (plaintiff) has no right to object.

2. Same—*In Proceedings to try the Rights of Property.*—The plaintiff, in a proceeding in the County Court to try the rights of property levied upon and in the custody of the sheriff, is a mere claimant of the property, and the parties having the control of the process by which the sheriff retains possession of the same may consent that it be discharged from such possession without the consent of such claimant.

3. Rights of Property—*Trial of Appeal.*—The trial of the rights of property in the County Court, provided for by the statute, is not a suit at law or in chancery, but is distinctly a statutory proceeding from which an appeal lies to the Circuit Court.

4. Appeals—*From Interlocutory Orders.*—An order that particular property be surrendered to a receiver is an interlocutory order and not appealable; but it is otherwise with an order imposing penalties for disobedience.

5. Interlocutory Orders—*What are Appealable.*—The only interlocutory orders from which appeals lie are those granting injunctions and appointing receivers.

Order Appointing a Receiver.—Appeals from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed August 5, 1896.

Moses, Pam & Kennedy, attorneys for appellants.

Vocke & Healy, of counsel for James Pease, sheriff, contended that the power of a court of chancery to set aside fraudulent transfers of property may well be questioned. Surely a bill, such as the one at bar, could not be maintained and would be held bad on demurrer for multifariousness, which proceeds, first, for the enforcement of stock-

holders' liability; second, for the enforcement of directors' liability; third, for the vacation of alleged fraudulent transfers of property made to different persons claiming under separate and distinct titles; fourth, for the determination of the validity of the liens procured by attachment. 1 Beach, Mod. Equity Pr., Sec. 124; 3 Thompson Com. on Corp., Sec. 4335; O'Bear Jewelry Co. v. Volfer, 17 So. 535; Wiles v. Suydam, 64 N. Y. 173; Barre Nat. Bank v. Hingham Mfg. Co., 127 Mass. 566.

Simple contract creditors have no standing to set aside a fraudulent conveyance made by a debtor corporation without a judgment and execution returned *nulla bona.* Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371; Taylor v. Bowker, 111 U. S. 110.

A court of chancery has no power to direct a sheriff to turn over property in his possession to a receiver. Baker v. Backus, Adm'r, 32 Ill. 79; Latham v. Chafee, 7 Fed. Rep. 525; Beecher v. Bininger, 7 Blatchf. 170; Simmons v. Wood, 45 How. Pr. 262; West v. Swan, 3 Edw. Ch. 420; People v. Albany & Sus. Ry. Co., 7 Abb. Pr. (N. S.) 265; Vincent v. Parker, 7 Paige, 65; Mills v. Webb (Ga.), 15 S. E. 635; Buckley v. Baldwin, 13 So. 851; Lawrence Iron Works Co. v. Rockbridge Co., 47 Fed. Rep. 755; Insurance Co. v. Stebbins, 8 Paige Ch. 565; Hale-Berry Co. v. Diamond State Iron Co. (Ga.), 22 S. E. 217; Squire v. Hewlett, 141 Mass. 597; High on Receivers, Sec. 440.

DAVID J. WILE and WILBER, TURNER & HILL, attorneys for appellees; ALBERT E. POLLAK, GEORGE W. SHINN and STEVE ALBRIGHT, of counsel, contended, that a simple contract creditor may, under section 25 of the act concerning corporations, file a bill to wind up a corporation which has ceased doing business, leaving debts unpaid, and that appellees having duly brought themselves within the provisions of said section, the receiver was properly appointed. Wolverton v. Taylor, 43 Ill. App. 424; Buda Foundry Co. v. Col. Cel. Co., 55 Ill. App. 381.

The remedy being in the nature of a creditor's bill, fraudulent conveyances made by the corporation in its lifetime

may be attacked in such a bill.    Butler Paper Co. v. Robbins, 151 Ill. 588.

The bills are not multifarious.    Brinkerhoff v. Brown, 6 Johns. Ch. 139; Hurd v. Ascherman, 117 Ill. 501.

No appeal lies from the order directing the sheriff to surrender possession of the property in controversy to the receiver, to be by such receiver held *pendente lite.*    Taylor v. Kirby, 31 Ill. App. 658; Black Diamond Co. v. Waterloo, 62 Ill. App. 206.

The appeal from the County Court on the trial of the right of property, was properly taken to the Circuit Court. Sec. 77, act providing for trial of right of property in the County Court; 2 Starr & Curtis, 1413; Grier v. Cable, 159 Ill. 29.

Mr. Presiding Justice Gary delivered the opinion of the Court.

These are appeals from an interlocutory order appointing a receiver of the property of the Climax Cycle Company, under bills in chancery, filed by the appellees as creditors against that company, to which bills Cohn and Pease were defendants.

Pease is sheriff, and has no interest in the matter except as sheriff under levies made by him of attachments upon the property; and as the plaintiffs in those attachments all consented to the order appealed from, he has no right to object to it.    The plaintiffs may control their own process.    Morgan v. People, 59 Ill. 58.

As to Cohn, it appears vaguely that he instituted proceedings in the County Court for trial of the right of some of the property levied upon, and that there he had judgment in his favor, from which a creditor of the Cycle company appealed to the Circuit Court.    That appeal, still pending, was properly to the Circuit Court, as the trial of the right of property provided for by statute, is not a " suit or proceeding at law or in chancery," but is " distinctly statutory."    Grier v. Cable, 159 Ill. 29.    And the trial in the Circuit Court is " *de novo.*"    See statute as quoted in

Grier v. Cable. Cohn is, therefore, merely a claimant of property, which was in the possession of the sheriff, and which those having the right to control the process consented should be discharged therefrom.

The Superior Court will doubtless hear and determine whether his claim be valid much earlier than the appeal in the Circuit Court could be reached on the regular docket.

Neither of the appellants are in a position to complain of the mere appointment of a receiver of the assets of the Cycle company, and an order that particular property be surrendered to a receiver is but interlocutory, and not appealable. An order imposing penalties for disobedience would be appealable. People v. Weigley, 155 Ill. 491. The only interlocutory orders from which appeals lie, are those granting injunctions and appointing receivers, and that is only by special statute.

So far as concerns these appellants, the order appealed from is affirmed.