Robeson et al. v. Lagow.

---

### W. R. Robeson et al. v. W. A. Lagow.

1. APPEALS—*Trial of the Right of Property.*—A trial of the rights of property under Chapter 140a, Revised Statutes (Hurds, R. S. 1897), is not a suit or proceeding at law or in chancery within the meaning of section 8 of the Appellate Court act, but is distinctly a statutory proceeding and appeals therefrom lie to the Circuit Court (Sec. 11, Ch. 140a, R. S. 1897).

2. SAME—*Compliance with Conditions.*—Where the parties to a suit, plaintiffs or defendants, all join in praying an appeal, and it is allowed on condition that they execute a bond, the condition must be literally complied with or the appeal will be defective as to those who do join in it.

**Trial of the Rights of Property.** Appeal from the County Court of Lawrence County; the Hon. A. M. GOODWIN, Judge, presiding. Heard in this court at the August term, 1897. Appeal dismissed. Opinion filed March 1, 1898.

W. F. FOSTER, REILEY & EMISON, CULLOP & KESSINGER, attorneys for appellants.

GEE & BARNES, attorneys for appellee.

Where a judgment goes against several, and an appeal is prayed by all, and granted on condition of their entering into bond, the condition and order must be performed to perfect the appeal. Parties may severally appeal, but if they appeal jointly a joint bond executed by all is required. Hileman v. Beale, 115 Ill. 355; Meserve v. Clark, 115 Ill. 580.

A joint appeal will be dismissed unless all the defendants sign the bond. Dingler v. Strawn, 36 Ill. App. 563.

MR. JUSTICE BIGELOW DELIVERED THE OPINION OF THE COURT.

Appellants, William R. Robeson, William J. Irvin, John H. Broyles, Samuel Thompson, Simpson Emison and Lane, John Bierhaus, Charles Bierhaus, Edward Bierhaus and William C. Bierhaus, with one John P. Price, sued out of the Circuit Court of Lawrence County, writs of attachment against William E. Fitch, which were duly levied by the sheriff of the county, upon a stock of merchandise, as the property of Fitch, of the value of about $5,000. Appellee served a notice on the sheriff that he claimed the property, and intended to prosecute his claim therefor under the law.

The sheriff immediately notified the plaintiffs in the attachment writs of the claim; all of them appeared before the County Court of Lawrence County at the October term, A. D. 1896; the cause was docketed as a " Trial of the Right of Property," appellee as plaintiff, and all of the plaintiffs in the attachment suits as defendants. A jury was demanded and duly summoned

by the sheriff; a trial was had and a verdict rendered, "that the property in question belongs to the plaintiff, W. A. Lagow." After overruling a motion by the defendant for a new trial, the court rendered judgment on the verdict.

At the close of the judgment it is recited that an appeal to this court was prayed by all of the defendants and allowed, upon defendants entering into bond of $200, within five days of date of judgment. An appeal bond was executed by all of the defendants except John P. Price, and was duly approved. A motion is made by appellee to dismiss the appeal, because it should have been taken to the Circuit Court of Lawrence County instead of to this court, and also because the defendant, John P. Price, did not perfect his appeal, which invalidated the appeal of the other defendants.

In 1875 a law was enacted, which has been carried into Hurd's Revision of the Statutes of 1897, as Chapter 140a. It was under this law that the trial was had. Section 11 of the law is as follows: "An appeal may be taken to the Circuit Court, as in other cases: Provided, the same is prayed on the day of entering judgment, and the trial in the Circuit Court shall be *de novo*." Unless section 8 of the Appellate Court Act, in force July 1, 1887, repealed by implication all of said Section 11, except that portion of it relating to the bond to be given on appeal, it is clear that appellee's first contention is correct otherwise it is not.

By the terms and provisions of this law, when the property is seized, the claimant notifies the officer of his claim and his intention to prosecute it, and the officer immediately notifies the county judge, who causes the proceeding to be entered on his docket, the claimant to be made plaintiff, and the plaintiff in the writ to be made defendant, whereupon, after brief notice to the defend-

ant, the trial proceeds without regard to the value of the property and without written pleadings, before the county judge in the same manner as other trials, before the County Court, and may be by a jury if either party demand one; all without regard to any particular term of court for the trial of civil and criminal cases. The effect of the judgment is summed up in Section 12 of the law, as follows: "The judgment in such cases shall be a complete indemnity to the sheriff or coroner in selling or restoring any such property, as the case may be."

To hold that Section 8, of the Appellate Court Act, in force July 1, 1887, repealed all of Section 11 of the Trial of Right of Property Act, except that portion of it in regard to the time of praying an appeal, and the time of filing bond, will in effect be to hold that a claimant of personal property of the value of $1,000,-000, levied upon by execution or attached by a sheriff or coroner, can, in a summary way, and without any written pleadings, at any time, before the county judge (and a jury, provided a jury is demanded), have his claim to the property finally determined, notwithstanding the fact that the law creating the County Court as a court of law limits its jurisdiction to $1,000. This we are not prepared to hold.

We are aware that the Supreme Court, in Lee v. People, 140 Ill. 536, used language seemingly broad enough to embrace the contention that the appeal in this case was properly taken to this court, but the language of the opinion should be confined to cases of like character to that in which it was used, and we can not hold it authority by which we should be governed in this case.

Counsel for appellant refers us to McGowan v. Duff, 41 Ill. App. 57, while counsel for appellee refers us to Pease v. Waters, 66 Ill. App. 359, as sustaining their

respective positions.    Both of these cases are from the First District.    It must be admitted that the cases seem so nearly in conflict as to be safely cited by the respective counsel in this case, but if this is so, and we are to follow either, we think the later one announces the correct view of the law.

We do not think a trial of the right of property, a "suit or proceeding at law or in chancery," within the meaning of Section 8 of the Appellate Court Act, but it is "distinctly statutory," as said in Grier v. Cable, 159 Ill. 29, concerning the trial of a claim against an estate.

As to the second ground of appellee's motion, the rule is settled by an unbroken line of authorities, that where parties, plaintiffs or defendants to a suit, all join in praying an appeal, and it is allowed on condition that they execute a bond, the condition must be literally complied with or the appeal will be defective as to those who do join in it, and must be dismissed. Carson v. Merle et al., 3 Scam. 168; Ryder et al. v. Stevenson, Id. 539; Watson v. Thrall, 3 Gil. 69; Branigan v. Rose, Id. 123; Johnson v. Barber, 4 Id. 1; Owens v. McKethe, 5 Id. 79; Niagara v. Martin, 42 Ill. 106; Hileman v. Beale, 115 Ill. 355; Meserve v. Clark, Id. 580.

The motion to dismiss the appeal because it was improperly taken to this court instead of the Circuit Court of Lawrence county, as well as because the appeal bond was not executed by the defendant, John P. Price, is sustained and the appeal is dismissed.