## Traders Safe & Trust Co. and Imperial Building Co. v. Reuben Calow.

1. APPEAL—*Bond Must be Filed in the Time Fixed—Jurisdictional.*— The filing of an appeal bond within the time fixed by the court allowing the appeal, is jurisdictional.

2. WAIVER—*Of the Right to Move to Dismiss an Appeal.*—The right to move to have an appeal dismissed because the appeal bond was not filed in time is not waived by mere delay, when the motion goes to the jurisdiction of the court.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court of the First District, at the March term, 1898. Appeal dismissed. Opinion filed May 31, 1898.

John A. Post and Charles B. Stafford, attorneys for appellants.

C. C. Bowersock and C. C. Stillwell, attorneys for appellee; L. M. Ackley, of counsel.

Mr. Presiding Justice Shepard delivered the opinion of the court.

The judgment shown by the record of this cause was rendered in an action brought to recover damages for personal injuries alleged to have been suffered by the appellee by reason of the negligence of the appellants in respect of matters set forth in the declaration.

From such examination of the record as we made before our attention was directed to a pending motion, continued over from the last term, that challenges the jurisdiction of this court, we would probably affirm the judgment of the trial court.

The motion referred to is to dismiss the appeal because the appeal bond was not filed within the time limited by the order allowing an appeal, and no extension of the time for filing the same had been ever granted.

The judgment was entered on the 22d day of May, 1897, and at the same time an appeal was prayed and allowed, upon condition that the appellants should file their appeal bond within thirty days from that date.

The appeal bond was neither approved by the court nor filed until June 23, 1897, which was thirty-two days after the appeal was allowed, and was two days too late. Sec. 68 (old No. 67), Practice Act; Wormley v. Wormley, 96 Ill. 129; Case v. Spiegel, 44 Ill. App. 588, and cases cited; Gorski v. John Featherstone's Sons, 55 Ill. App. 368.

Counsel for appellants argue that the motion to dismiss was not made in apt time; that it was not made until after the time when appellee was required to appear in this court,

and was made during the period of an extension of ten days' time for filing his briefs, allowed to him as a matter of grace by stipulation of appellants. If the suggestion has any force as applied to other circumstances, it has none as applied to a motion affecting the jurisdiction of this court.

Furthermore, appellants insist that the bond was filed in due time, and in order that we may certainly not do an injustice to counsel in stating their contention in such behalf, we quote their whole argument, or statement, upon the point. They say:

"In regard to the bond, it shows upon its face that it was approved by counsel of appellee. It is also the rule that the first day on which the appeal was granted does not count in estimating the time, and that counsel have until ten ,o'clock in the morning following the last day of the term (time) allowed in which to file the bond. The correct computation will show in this case it was filed in due time."

There is no such "rule" of computation of time that we are acquainted with, and counsel do not enlighten us as to where a statement of it may be found.

It is true that the bond shows upon the margin of its face the letters "O - K," followed by the signature of attorneys for the plaintiff, but it does not appear when such indorsement was made, and it can hardly be said to have any effect except to signify the concurrence by counsel in the form of the bond and the sufficiency of the sureties.

We omit mention of other pending motions made by the appellee going to prevent a consideration of the case upon its merits, for it is sufficient to hold, that because of a failure to file an appeal bond within the time limited by the order allowing the appeal, and no extension of such time having been made, and a motion to dismiss being interposed, the appeal must be dismissed, which is accordingly done.

Appeal dismissed.