### Western Plaster Works v. Patrick Lonergan.

1. APPEALS—*When to be Taken.*—The right to appeal is purely statutory, and Section 67 of the Practice Act requires that the appeal shall be prayed for and allowed at the term at which the judgment, order or decree was rendered. An appeal subsequently allowed and perfected gives the Appellate Court no jurisdiction to review the judgment.

2. PRACTICE—*In Taking Appeals.*—Where two defendants joined in a prayer for an appeal, which was allowed on condition that they enter into an appeal bond, etc., and only one of them executed the bond, the appeal may be dismissed on motion in the Appellate Court.

3. SAME—*Where Several Parties Pray an Appeal.*—Where several parties join in praying an appeal, and it is allowed on condition that they execute a bond, the condition must be literally complied with or the appeal will be defective as to those who do join in it.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Appeal dismissed. Opinion filed November 21, 1899.

C. M. HARDY, attorney for appellant.

C. S. O'MEARA, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

A judgment was recovered against the appellant and one Gorman, jointly, in an action on the case, brought by appellee to recover damages for personal injuries alleged to have been sustained by him.

The judgment was entered March 5, 1898, and on the same day an appeal therefrom to this court was prayed by the defendants jointly, and was allowed upon the defendants filing "their appeal bond" in a certain sum within thirty 'days.

Eleven days later, on March 16, 1898, and within the same term, an appeal bond by the appellant alone was presented and approved. The order approving the bond recited that it was executed "in due form and in accordance with the order of this court, and within the time fixed by said order allowing an appeal," etc.

At a subsequent term, on October 5, 1898, the Western Plaster Works, appellant, moved the Circuit Court for and obtained an order amending the appeal order of March 5, 1898, so as to make the same read:

"Thereupon, the defendants having entered their exceptions herein, the defendant, the Western Plaster Works, prays an appeal, * * * which is allowed upon filing herein its appeal bond * * * within thirty days from this date."

Such amendatory order was not on its face a *nunc pro tunc* order, and no recitals, or evidence of any kind in support of the order, appears, from which it can by interpretation, construction or inference, be treated as in any way a correction of the order of March 5, 1898, or intended so to do. The bond that was filed March 16th was the only bond ever filed, and it must be held that it was filed under the order of March 5, 1898. The order of October 5, 1898, was a nullity in so far as its effect upon the appeal bond that was filed is concerned.

2. The right to appeal is purely statutory, and Section 67 of the Practice Act, under which provision is made for an appeal to this court, requires that the appeal "shall be prayed for and allowed at the term at which the judgment, order or decree was rendered." An appeal subsequently allowed and perfected gives this court no jurisdiction to review the judgment. Guyer v. Wilson, 139 Ill. 392.

So, in Hileman v. Beale, 115 Ill. 355, two defendants joined in a prayer for appeal, which was allowed upon con-

dition that they enter into an appeal bond, etc. One only of the defendants executed the bond. On motion the Appellate Court of the Fourth District dismissed the appeal, because both defendants did not unite in the bond, and the Supreme Court held the appeal was properly dismissed. See also Tedrick v. Wells, 152 Ill. 214; Traders Safe & Trust Co. v. Calow, 77 Ill. App. 146; Robeson v. Lagow, 73 Ill. App. 665.

The general rule is thus stated, in the last cited case:

" The rule is settled by an unbroken line of authorities that where parties * * * join in praying an appeal, and it is allowed on condition that they execute a bond, the condition must be literally complied with or the appeal will be defective as to those who do join in it, and must be dismissed."

Appellant does not answer the motion to dismiss; but if it should be said that because the order approving the appeal bond recites that the bond was in accordance with the order allowing the appeal, such presumptions will be indulged in as will sustain the appeal. The answer must be that the record showing affirmatively that the bond was not in conformity with the order allowing the appeal, such mere recitals, having nothing to support them, can not prevail.

The marking of " O K" upon the bond, by counsel for appellee, can hardly be said to have any effect, except to signify to the trial judge the concurrence by counsel in the form of the bond and the sufficiency of the surety. Traders Safe & Trust Co. v. Calow, *supra*. And in this connection it may not be superfluous to add, although no point is made of it, that the bond filed is not the bond of the Western Plaster Works, but of one McCausland only.

The motion to dismiss the appeal must be allowed. Appeal dismissed.