# E. S. Hotchkiss et al. v. The Vanderpoel Company.

## Gen. No. 13,631.

1. TRANSCRIPT OF RECORD—*what not part of, without incorporation in bill of exceptions.* An affidavit is not part of the record proper unless preserved by a bill of exceptions.

2. PRACTICE—*effect given to inartificial certificate to bill of exceptions.* If the certificate to a bill of exceptions is sufficient to indicate the purpose of its presentation and filing, its loose language will be ignored.

3. PRACTICE—*effect of omission in bill of exceptions with respect to certificate that instructions shown were all given.* A bill of exceptions is not sufficient to preserve for review alleged errors in the giving of instructions where it does not show or certify by whom the instructions given were requested or that they were all the instructions given.

4. APPEALS AND ERRORS—*construction of particular method of perfecting appeal. Held,* that an interpleader and a defendant in attachment did not upon the record perfect a joint appeal; further, that no appeal by the interpleader was perfected but that an appeal by the defendant in attachment was perfected.

5. APPEALS AND ERRORS—*when bond given upon appeal informal.* Where several parties join in praying an appeal and it is allowed on condition that they execute a bond, the condition must be literally complied with or the appeal will be defective as to those who did not join therein, and such an appeal will likewise be defective as to those who did join therein.

6. INSTRUCTIONS—*what essential to review.* In order to review the action of the court in refusing instructions, exceptions must be preserved to the action of the court in that respect.

7. JURISDICTION—*what amounts to general appearance.* Successfully moving for a bill of particulars, participating in the trial on the assessment of damages and moving to set aside a verdict, each amounts to a general appearance.

Attachment. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed March 9, 1908.

M. L. THACKABERRY, for appellants.

BLUM & BLUM, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

In this case the Vanderpoel Company sued E. S. Hotchkiss, one of the appellants, in the Circuit Court, commencing the suit by attachment and alleging in the affidavit for the attachment made by its agent that Hotchkiss was indebted to said company, a corporation, in the sum of $670.81, for merchandise sold and delivered by said company to Hotchkiss and for work done and labor performed on certain machinery by said company for Hotchkiss, and that affiant had good grounds to believe and did believe that said Hotchkiss had within two years fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder and delay his creditors, and had within two years fraudulently concealed or disposed of his property so as to hinder or delay his creditors, and was about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors.

The attachment writ directed also that the defendant Hotchkiss and one Edward S. Barber be summoned to the October term, 1906, of the Circuit Court, the said Barber being named as garnishee. The writ was returned not found as to Hotchkiss, or any property of Hotchkiss on which to levy, but was served on said Barber as garnishee on September 24, 1906.

There was then existing unsatisfied in the Superior Court of Cook county a decree in chancery in favor of said Hotchkiss against said Barber for $434.40, entered September 19, 1906, and October 13, 1906, the chancellor in the Superior Court entered an order in the said cause, reciting that the defendant Barber stated that he had been summoned as a garnishee in the Circuit Court and that he was ready to pay the amount of the decree, and ordering him to pay said amount to the clerk of the Circuit Court on or before Monday, October 15, 1906, to be held by said clerk until the Circuit Court entered an order to pay the money to the person entitled to the same.

The Circuit Court in the case at bar entered an order October 18, 1906, that the clerk should receive the money

and hold it " in trust for whomever it should be found was lawfully entitled to it upon the final determination of the cause."

October 29, 1906, the Vanderpoel Company filed a declaration in assumpsit against E. S. Hotchkiss.

November 14, 1906, a notice and affidavit were filed by M. L. Thackaberry entitled in the cause "Vanderpoel Co. v. E. S. Hotchkiss." The notice was directed to "Joseph W. W. Lattimer, attorney for the plaintiff," and was served on him on November 13, 1906. It was signed by M. L. Thackaberry, *attorney for defendant.* It notified Lattimer that on the succeeding day he should ask a judge of the Circuit Court for a rule on the clerk of said court to turn over to him (Thackaberry) the money theretofore deposited with said clerk as per the order of the Superior Court of Cook county in the case of Hotchkiss v. Barber, etc., and in support of said motion should offer the affidavits annexed and an as· signment of "the said decree or judgment" to him (Thacka· berry). An affidavit attached was made by Hotchkiss, and was to the effect that he had on the 22d day of September, 1906, sold and assigned to Thackaberry the judgment in question.

Another affidavit was by Thackaberry to the effect that he was "the owner and holder of the assignment of the judgment," and that Hotchkiss had no interest in it.

On November 14th the following order was entered by the Circuit Court:

"On motion of M. L. Thackaberry it is ordered that the clerk of this court, James J. Gray, pay over to M. L. Thackaberry the sum of money turned over and delivered to him, said clerk, by order of Judge Gary in the case of Hotchkiss v. Barber, general number 253204 in the Superior Court of Cook county."

November 17, 1906, in pursuance of notice theretofore given, the plaintiff, the Vanderpool Company, entered a motion to set aside this order. Certain affidavits appear in the record attached to said notice, but there is nothing to

show that they were ever brought to the attention of the court or are a proper part of the record. The same may be said of an affidavit of Lattimer to the alleged insolvency of Hotchkiss, which appears in the common law record, without further comment on it, as filed on November 22, 1906.

There is not in the record even anything to show that this motion to vacate the order of November 14th was ever disposed of, but on December 7, 1906, M. L. Thackaberry entered his appearance and that of Hotchkiss in the following form:

"I hereby enter my appearance in the above entitled cause for the purpose of having the money heretofore deposited with the clerk of said court to the amount of four hundred and fifty-one dollars and eighty cents turned over and delivered to me, the undersigned, as the sole and only owner of said sum by virtue of the decree heretofore entered in the Superior Court of Cook county in the case of E. S. Hotchkiss v. Edward S. Barber, general number 253204, and the special appearance of E. S. Hotchkiss as to the attachment issue only.

                                    M. L. THACKABERRY."

A notice is next found in the record of a motion to be made by the plaintiff for leave to amend the affidavit of attachment and for a rule on Thackaberry to file "his interpleader." No order appears on either of these matters until after the following described pleadings:

December 8th Thackaberry "comes and interpleads as by statute * * * provided," etc., filing a verified statement that the money in the hands of the clerk belonged to him, and praying "judgment if said money ought to be detained by virtue of said writ, etc."

On the same day an amended affidavit for the attachment was filed by the plaintiff, executed by the same agent as before and containing the same allegations, made, however, directly and not on "belief."

Also on the same day a verified plea was filed in behalf of

Hotchkiss v. Vanderpoel Co.

E. S. Hotchkiss "by M. L. Thackaberry, his attorney," praying judgment of the writ of attachment on the ground that its allegations as to the disposition of the defendant's property were not true.

December 12, 1906, the plaintiff filed a plea or answer to the "interpleader" of Thackaberry, denying thatThackaberry was the owner of the money involved, and asserting that Hotchkiss was such owner, and also a general demurrer to the plea in abatement filed by Hotchkiss to the writ of attachment.

On the 13th of December, 1906, an order was entered by the Circuit Court (a) allowing a substitution of attorneys for the plaintiff, (b) allowing a restoration of the declaration lost from the files, (c) sustaining the demurrer to the defendant's plea of abatement, (d) granting leave to amend the affidavit "herein" (presumably meaning the affidavit for attachment) *instanter,* (e) ordering *on motion of the defendant's attorney* the plaintiff to file a bill of particulars "herein" *instanter,* (f) ordering on motion of plaintiff's attorney that "the default of the defendant Hotchkiss be taken and entered of record for want of a plea to the plaintiff's affidavit of merits filed in said cause" (*sic*), "Wherefore the plaintiffs ought to have and recover of and from said defendant its damages sustained herein by reason of the premises" (*sic*), (g) reciting that "reference is had to a jury to assess the plaintiff's damages as to the defendant E. S. Hotchkiss heretofore defaulted," (h) reciting that issues have been joined as to the interpleading and attachment proceedings, (i) ordering that a jury come, (j) reciting that a jury came and were sworn "well and truly to assess the plaintiff's damages herein as to the defendant E. S. Hotchkiss, heretofore defaulted, as well as to try the issues joined herein as to the interpleading and attachment proceedings, and a true assessment and verdict render according to the evidence," and, (k) permitting the jury to separate.

A bill of particulars, called in the transcript of the record "certain statements," was filed on December 13th, presum-

ably in compliance with the order just recited. It purported to show a statement of account, with a balance of $670.81 between the Vanderpoel Company and E. S. Hotchkiss, and gave in detail the items of material and labor making up the credit entry of the Vanderpoel Company in the account, on a billhead headed, "The Vanderpoel Company * * * sold to Graham & Hotchkiss Stone Co." It does not appear in the bill of exceptions, but in the common law record.

By a bill of exceptions filed February 14, 1907, it appears that the trial before the jury continued for two days, and that the evidence adduced by each side pertained to all and each of the issues involved in the case—that is, the existence of indebtedness from the defendant to the plaintiff, the amount of that indebtedness, the existence of grounds for attachment, and the rights of the interpleader, Thackaberry, to the money deposited with the Clerk of the Superior Court. Thus as to the first two of these issues, Otto Paster, the manager of the plaintiff company, was produced as a witness on behalf of the plaintiff. He testified to furnishing goods to the Graham & Hotchkiss Stone Co. on Hotchkiss' order, and the admissions of Hotchkiss as to the amount due from him to the plaintiff company. He was cross-examined by Mr. Thackaberry as to these and as to alleged defects in the machinery furnished. He was also cross-examined by Thackaberry as to why the detailed statement was made out as though the machinery had been sold to the Graham & Hotchkiss Company, and as to Graham's relations with Hotchkiss.

It appears by the bill of exceptions that after the close of all the evidence, "the interpleader" (Thackaberry) "moved the court to instruct the jury to find the issues for the defendant and interpleader," but neither the instruction itself nor any action on it appears.

The original bill of exceptions recites also that "the interpleader requested the court to give the following instruction," and then gives nineteen instructions, which are marked "given." Then follows one in these words, marked: ("De-

fendant; On question of indebtedness being in default, refused)."

"The court instructs the jury that it is incumbent upon the plaintiff to prove his case by a preponderance or greater weight of the testimony, and unless the jury believe from the evidence that the plaintiff has so proved all material allegations of his declaration, they must find the issues for the defendant."

Then there are three others marked "refused."

There is no certificate that all the instructions given are produced in the bill of exceptions, nor any statement further than that given above at whose instance they were given.

The jury on December 15, 1906, as the common law record shows, returned three verdicts; one finding "the issues as to the attachment for the plaintiff Vanderpoel Company"; one finding "the issues as to the interpleader for the plaintiff"; and one, "We, the jury, find the issues for the plaintiff and assess the plaintiff's damages at the sum of six hundred and seventy and 81-100 dollars."

As the common law record also shows (the bill of exceptions in the transcript originally filed herein being silent on the matter), "The cause coming on January 5, 1907, to be heard upon the motion for a new trial heretofore filed herein by M. L. Thackaberry, interpleader, as to the interplea and attachment issues and upon the motion of defendant to set aside the verdict against him," the said motions were denied, and it was "further ordered and adjudged that the attachment herein be and the same is hereby sustained and that the plaintiff have and recover from the defendant E. S. Hotchkiss the sum of $670.81 as found by the verdict herein in favor of plaintiff and its costs, and that general and special execution issue."   And it was "further ordered and adjudged by the court, that the plaintiff have and recover the money involved in the interplea herein, and that the said money held by the clerk of this court be paid to the plaintiff or its attorneys, Messrs. Blum & Blum, and thereupon rendered (*sic*) on said judgment, and that the plaintiff recover from the said interpleader M. L. Thackaberry

its costs on such interplea as by law provided, and that the clerk tax such costs and execution issue." The order as it appears in the common law record then thus concludes:

"Exception by defendant and interpleader and same are overruled by court. Motion in arrest of judgment by defendant and interpleader, which motion is denied and to which ruling defendant and interpleader except. Appeal prayed by defendant and interpleader to Appellate Court and allowed upon filing an appeal bond in the sum of one thousand dollars to be approved by court within twenty days and bill of exceptions to be presented within forty days."

We have been thus detailed and literal in the statement of this somewhat remarkable record, in view of the questions on it which we are called on by the motions and arguments of counsel in this court to decide.

On January 5, 1907, an appeal bond was filed in the Circuit Court for $1,000, which was executed by E. S. Hotchkiss and Milton L. Thackaberry and The Title Guaranty and Surety Company. No description or distinction of the capacity in which they executed the bond is shown either in the body of the same or in connection with the signatures. The condition of the bond, however, is:

"That whereas the said Vanderpoel Company did on the 5th day of January, A. D. 1907, in the Circuit Court of Cook county," etc., "recover a judgment against the above bounden E. S. Hotchkiss for the sum of six hundred seventy dollars and eighty-one cents, besides costs of suit; from which judgment of the said Circuit Court of Cook county the said E. S. Hotchkiss has prayed for and obtained an appeal to the Appellate Court within and for the First District in said State; Now, therefore, if the said E. S. Hotchkiss shall duly prosecute his said appeal with effect, and moreover pay the amount of the judgment, costs, interests and damages rendered and to be rendered against him in case the said judgment shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue."

The transcript of the record was filed in this court March 6, 1907, and on it an assignment of errors signed "M. L. Thackaberry, att'y for appellant," which errors so assigned, however, were alleged to be not only rulings against the defendant in entering a default and judgments on the attachment and assumpsit issues against him, but errors committed against the "interpleader" in not granting his motions, excluding evidence offered by him, and entering judgment against him.

An abstract of the record and a brief and argument were filed by Mr. Thackaberry in this court on April 19, 1907, and May 11, 1907, respectively. Both the abstract and brief and argument are entitled E. S. Hotchkiss et al., appellants, v. The Vanderpoel Company, and the brief and argument treat the appeal as the complaint of both Hotchkiss as defendant and Thackaberry as interpleader against the judgment, and concludes:

"The judgment as to the interpleader as entered is contrary to all law and evidence, and as to the defendant in the assumpsit suit it is void because of lack of jurisdiction, and as to the attachment issue it is contrary to the law and the evidence. Hence we respectfully submit that said cause and each and every part thereof should be reversed.
Respectfully submitted,
M. L. THACKABERRY,
Attorney for Defendant and for the Interpleader."

On May 15, 1907, appellee by its counsel filed in this court a motion to strike the bill of exceptions from the transcript of the record and to dismiss the appeal on the grounds, first, that the appeal was prayed by and allowed to the defendant and interpleader upon filing an appeal bond, etc., whereas the appeal bond "is only signed by Hotchkiss as principal and merely relates to the judgment against the defendant Hotchkiss, and does not recite the judgment against the interpleader nor attempt to appeal therefrom; second, that the bill of exceptions shows no motion for a new trial, nor any exceptions to the overruling of such

motion; third, that the bill of exceptions shows no exception taken to the giving or refusal of any instruction, and fourth, that the certificate of the judge to the bill of exceptions does not purport to make said bill of exceptions a part of the record, but only a part of the bill of exceptions.

Counter-suggestions to this motion were filed by Mr. Thackaberry signing himself as attorney for appellants, and the motion was reserved for disposition until the hearing of the cause.

Appellee's brief and argument were filed in this court June 5, 1907. While the cause was here pending on October 23, 1907, an order *nunc pro tunc* as of January 5, 1907, was entered by the Circuit Court entitled as in the cause, "The Vanderpoel Company v. E. S. Hotchkiss." It contained a recitation that it was entered "on motion of M. L. Thackaberry, attorney for E. S. Hotchkiss, the defendant in the attachment issue and for and on behalf of the interpleader as per the interplea filed herein"; and it ordered that "the defendant and interpleader" might "have leave to file an amendment to their bill of exceptions heretofore filed."

The amendment is said to conform to the actual facts as shown by the minutes made by the court on January 5, 1907, etc., and consists of an insertion, before the instructions marked given, of this clause:

"Thereupon the court gave to the jury the following instructions, but the court cannot now say on whose behalf they were given."

And the insertion, after the instructions marked given, of these words:

"To the giving of each and all which instructions the defendant and interpleader then and there excepted."

And the insertion after the instructions marked "Refused" and before the conclusion of the bill of exceptions, of a recital of the rendition of verdicts against the defendant on the attachment issue and against the interpleader on his plea of interpleader; a motion of defendant and interpleader to set aside the verdicts so rendered, and also a motion of the defendant to set aside the verdict assessing damages

Hotchkiss v. Vanderpoel Co.

against him, and to grant a new trial on behalf of the defendant and interpleader; a denial of each of said motions; the judgment on the verdict against the defendant as to the attachment issue; the judgment also against the defendant on the assumpsit issue, and the judgment against the interpleader for costs, and of the exceptions of the defendant and interpleader to said rulings, orders and judgments; also of a motion by the defendant and interpleader respectively in arrest of judgment, the denial of the same, and exceptions thereto.

On the entry of said *nunc pro tunc* order in the Circuit Court allowing this amendment, Mr. Thackaberry as "attorney for the appellants," suggested a diminution of record in this court and moved for leave to supply same by filing in this court the amendment to the bill of exceptions above described. This motion was allowed, and the amendment filed as a supplementary record.

The concluding clause of the bill of exceptions, on which the fourth reason of appellee's motion to strike the same from the transcript is based, is:

"Forasmuch, therefore, as the matters and things hereinabove set forth do not fully appear of record in this court, the defendant and interpleader presents this, their bill of exceptions, and prays that the judge before whom said cause was tried may sign and seal the same and make it a part *hereof,* which is done accordingly this 14th day of February, A. D. 1907."

We think the careless language of this certificate may be overlooked. The purpose is plain enough to make the bill of exceptions a part of the record, and we think that was the effect of the certificate. We are not so bound by technicalities as to be obliged to hold a point like the appellee's on this bill of exceptions well taken.

Nor since the filing of the supplementary record can it be said that the second and third reasons given by the appellee for his suggested striking of the bill of exceptions from the transcript have a proper basis.

There are now shown a motion for a new trial and ex-

ceptions by the defendant and interpleader to the giving of all the instructions, although these exceptions are rendered, in our opinion, of small importance by the fact that there is no certificate or showing made that the instructions recited in the bill of exceptions were all the instructions given or that they were not given at the instance and request of the defendant and interpleader themselves.

However, we do not think this nor the first reason set forth in the motion of the appellee to strike the bill of exceptions from the transcript of the record furnish sufficient reason for so doing, and this motion, which was reserved for the hearing, is now denied. But we are obliged, by the point made on the record and presented to us by the first ground alleged for this motion, and again pressed on us by the argument of the appellee, to consider and determine what, if any, appeal is properly before us. If the order of the Circuit Court on January 5, 1907, is considered as including at least two different and distinct judgments— one against the defendant in the assumpsit suit sustaining the attachment and giving judgment for $670.81, and another in favor of the plaintiff as against the interpleader—then it is apparent that the appeal was not perfected according to any reasonable construction of the order allowing it so far as the interpleader and the judgment against him is concerned.

Surely when an appeal is "prayed by defendant and interpleader to Appellate Court and allowed upon filing an appeal bond in the sum of one thousand dollars," etc., it must mean that the condition of the appeal bond, so far as the interpleader is concerned, should be that the interpleader should prosecute his appeal with effect, etc. But in the bond filed which appears here, there is no such condition. The bond is indeed signed by Thackaberry, although in such a way as that he may be taken to have signed it as a surety. But the condition, which has been hereinbefore quoted, particularly limits the effect of the bond to the judgment in the assumpsit suit against Hotchkiss for $670.81 and costs of suit. As we think the order did include two distinct judg-

ments, we are forced to the conclusion that no appeal bond was filed by the interpleader as to the judgment against him, and that no appeal by Mr. Thackaberry is before this court, that no appeal has been perfected in the Circuit Court from the judgment against him, and that we should neither affirm nor reverse such judgment against him, nor attempt to dismiss an appeal which is not here. The judgment in the Circuit Court, so far as he is concerned, for aught that appears to us, is in full force and effect.

However, if the merits of his case were before us, we could not have held erroneous those rulings which he attacks in his argument. He complains that he was not given the opening and closing argument in the court below. Nothing appears in the record to show whether he did have them or not, or whether he asked for them or not. The letters from Dr. Wilson, which were excluded, were plainly incompetent. They were communications from a third party, not before the court, to Thackaberry, and self-serving.

Of the instructions if they had been erroneous, which we cannot see they were, the interpleader is not in a position to complain, because so far as anything is shown by the bill of exceptions as to their source, the implication would be that all those given were requested by him. If that is not the implication, it is at least left impossible to say from the certificate that they were not so given.

As to the instructions marked "Refused," there is not, even in the amended bill of exceptions, any note of who requested them or any note of any exception to the refusal to give them.

As to the order of November 14, 1906, ordering the clerk of the Circuit Court to pay certain money to Thackaberry and certain motions to vacate that order, it is plain we should have had in no event anything to do with them in this appeal. We do not even know from the record whether the order was ever executed or what became of the motion to vacate it.

If the judgment in the matter of the interplea and of the assumpsit suit in the singularly inartificially drafted order of January 5, 1907, should be considered a unit and

the appeal a joint one from it by Thackaberry and Hotchkiss, then the whole appeal would have to be dismissed for want of a sufficient appeal bond. Robeson v. Lagow, 73 Ill. App., 665; Western Plaster Works v. Lonergan, 85 Ill. App., 530; and Tedrick v. Wells, 152 Ill., 214, are authority, not for the proposition, as incorrectly quoted from them by appellee in its suggestions on the motion to dismiss the appeal, "that where several parties join in praying an appeal and it is allowed on condition that they execute a bond, the condition must be literally complied with or the appeal will be defective as to those who do *not* join in it, and the appeal must be dismissed"—but for the more important and less self-evident proposition that the appeal will be defective as to those even who *do* join in it, and must therefore be dismissed.

But in this case regarding, as we do, the judgment against the interpleader and the judgment against the defendant as distinct, and giving the benefit of a very doubtful construction to the defendant and treating the appeals as prayed as distinct, we have considered the objections of the defendant Hotchkiss to the judgment against him on their merits.

We cannot see that the court failed in jurisdiction in the assumpsit suit. If nothing else in the proceedings were sufficient to confer that jurisdiction, we think the successful motion of his attorney for a bill of particulars of the claim against him before trial was a general appearance. The defendant then, although not pleading to the declaration, took part in the trial on the question of the assessment of damages and cross-examined the manager on the primary merits of the case. Moreover, he made a motion to set aside the verdict against him on the assumpsit issue. Each of these three things amounted to a general appearance. Baldwin v. McClelland, 152 Ill., 43–53; Nicholes v. People, 165 Ill., 502; Abbott v. Semple, 25 Ill., 107.

Nor do we see any reason why we should interfere with the verdict or judgment on grounds of any rulings on the evidence or instructions, or because it was against them

either as to sustaining the attachment or finding and assessing damages.

The judgment, therefore, in favor of the appellee against the appellant E. S. Hotchkiss sustaining the attachment and for $670.81 damages, with costs, is affirmed. No order is made as to the interplea of M. L. Thackaberry or the judgment thereon—no appeal of Thackaberry being held to be before us.

*Affirmed.*